UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    VANESSA MYLES,                              Case No. 14-21802-dob
                                                      Chapter 13 Proceeding
            Debtor.                              Hon. Daniel S. Opperman
_____/

## OPINION REGARDING DEBTOR'S MOTION TO RELEASE LIEN OF EXETER FINANCE AND BAR FURTHER COLLECTION

Creditor Exeter Finance, LLC ("Exeter") claims to have a lien on Debtor's 2010 Jeep Patriot, which the Debtor, Vanessa Myles, disputes. Debtor asserts the lien has been paid in full by the terms of her confirmed plan. For the reasons stated in this Opinion, the Court concludes Exeter's secured claim has been paid in full and Debtor's Motion To Release Lien is granted.

## FACTUAL BACKGROUND

Debtor filed this Chapter 13 bankruptcy case on August 7, 2014. Debtor listed the 2010 Jeep Patriot on Schedule B, and listed a secured debt owed to Exeter for this vehicle on Schedule D. When Debtor filed this case, she knew she would not be eligible for a discharge due to having received a Chapter 7 discharge in 2012. On August 25, 2014, the Court entered an Order Determining that Debtor Was Not Eligible for a Discharge pursuant to 11 U.S.C. § 1328(f)(1). Her Chapter 13 Plan proposed to pay 100% of all secured and unsecured claims. Her Chapter 13 Plan also proposed to modify the interest rate on Exeter's claim from the 20% contract interest rate to 6% and to pay Exeter $14,643 in monthly installments of $236.18. Debtor's plan proposed to pay the Exeter claim in full pursuant to the plan terms. Exeter filed a secured Proof of Claim in the amount of $14,015.26, and Debtor did not object to that claim. Exeter objected

1

to confirmation raising several objections, including an equal monthly payment objection and a failure to provide proof of insurance objection. Exeter also asserted that pursuant to 11 U.S.C. § 1325(a)(5)(B)(i)(I), Debtor was not entitled to the release of its lien because its claim would not be paid in full, which is required when a debtor is not eligible for a discharge. Debtor's Chapter 13 Plan was confirmed by Order dated October 10, 2014. The Order Confirming Plan was approved by Exeter's counsel, with no provisions added to the Order addressing Exeter's objections. Debtor made all required payments under her Chapter 13 Plan, and on August 25, 2019, the Chapter 13 Trustee filed a Notice of Final Cure Payment and Trustee's Notice of Completion of Plan Payments; Notice to Creditors of Obligation to File a Response and Right To Object; and Notice to Debtor of Obligation To file Debtor's Certification ("Notice"). The Notice stated that all claims that were to be paid by the Trustee, including secured claims to be paid during the term of the plan, had been paid in full. No objections were filed to the Notice. The Trustee thereafter filed his Final Report and Account on October 29, 2019, stating that Exeter's allowed claim of $14,015.26 was paid, as well as $1,956.26 of interest.

Exeter did not object to the August 26, 2019 Trustee's Notice, even though the creditors were directed to respond and object if all payments owed to them under the plan were not made. Likewise, Exeter did not object to the October 29, 2019 Final Report and Account, and this Chapter 13 case was closed on November 30, 2019.

On March 3, 2020, the Court entered an Order Reopening this Case upon the Motion of Debtor. Debtor filed the instant Motion the same day, asserting that Exeter refused to release its lien despite being paid in full under her completed Chapter 13 Plan Debtor seeks to compel Exeter to release any lien and from any further collection with regard to this debt. Debtor also

cites this Court's August 24, 2012 decision in *In re Felicia Bolden*, Case No. 07-30132, in support of her position.

Exeter objects, asserting that it has not been paid in full and is entitled to interest at the original contract rate, leaving a balance owing before its lien will be released. Exeter asserts that once the term of the Chapter 13 Plan ended, any modification to its rights also ended.

The Court held a hearing on Debtor's Motion on April 9, 2020. At that hearing, Debtor reiterated her reliance on the *Bolden* case, and further argued that it is only the terms of the confirmed plan that control, and that the plan was completed and Exeter was paid in full per the terms of that plan, so its lien is released. Exeter argued that the objection it filed granted it the right to pursue its full claim, which includes the full interest rate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) (determinations of the validity, extent, or priority of liens).

## ANALYSIS

The Court sees no reason to deviate from its decision in *Bolden*. This is particularly true because the District Court for the Eastern District of Michigan affirmed this Court's *Bolden* Opinion.[1] In doing so, the District Court noted that the failure of the creditor to object was important. Here, while Exeter did object, it subsequently approved the Order Confirming the Debtor's Chapter 13 Plan and thus the terms of repayment of its debt. The only difference between the facts of this case and in *Bolden* is that Exeter objected to confirmation and the creditor in *Bolden* did not. In the end, creditors in both cases were deemed to have accepted the

---

[1] *In re Bolden*, 2013 WL 3897048 (E.D. Mich. July 29, 2013).

terms of the confirmed plan.  11 U.S.C. § 1327(a) states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The parties are bound by the terms of the confirmed plan, including the values assigned to collateral and the amount of payment to be received."  11 U.S.C. § 1327; *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004).

The facts in this case present an even stronger case for Debtor than the facts in *Bolden*. Exeter "objected to" and "accepted" the Debtor's Plan.  In *Bolden*, the creditor did not object to confirmation, but its lack of objection was deemed an implied acceptance.  Here, Exeter affirmatively accepted the terms of Debtor's Plan when its counsel signed off on the Order Confirming Plan thereby agreeing not to pursue its objection.  Because neither the terms of the Chapter 13 Plan or the terms of the Order Confirming plan provide for Exeter's lien retention after plan completion, Exeter's claim was fully paid, and its lien extinguished upon completion of Debtor's Plan.

Also, Exeter was given two opportunities to raise its concerns when the Trustee filed the Notice and the subsequent Final Report and Account.  Exeter did not file any objection or response to either pleading, despite being given the opportunity and invitation to do so. Accordingly, Exeter is precluded and estopped from raising these issues now.

## CONCLUSION

For the above-stated reasons, the Court grants the Debtor's Motion To Release Lien of Exeter Finance and To Bar Further Collection. Counsel for Debtor is directed to prepare and present an appropriate order pursuant to the entry of order procedures of this Court.

**Not for Publication**

**Signed on June 22, 2020**

/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**